STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DONALD DILLON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0807** (BOR Appeal No. 2048194)
(Claim No. 2011030227)

**UNITED PARCEL SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donald Dillon, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Parcel Service, Inc., by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 23, 2013, in which the Board affirmed a March 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 2, 2012, decision which denied a request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dillon, a delivery driver, developed Achilles tendonitis in the course of his employment. He was first diagnosed with the condition on January 25, 2011. He was treated and released to return to work on light duty on January 28, 2011. Mr. Dillon testified in a deposition on February 21, 2012, that he was unable to return to work after January 28, 2011, because United Postal Service, Inc., did not offer light duty and he was unable to perform his regular job duties. He was thereafter treated by Kevin Brown, D.P.M., who diagnosed Achilles bursitis or

1

tendinitis and excused Mr. Dillon from work from April 6, 2011, to May 23, 2011. Mr. Dillon was then granted temporary total disability benefits from April 6, 2011, to May 23, 2011.

In an independent medical evaluation on July 26, 2011, Joseph Grady, M.D., found that Mr. Dillon was at maximum medical improvement. In a January 23, 2012, treatment note, Dr. Brown found that Mr. Dillon had ankle dorsiflexion to the neutral position. Shortly thereafter, on February 27, 2012, Prasadarao Mukkamala, M.D., determined in an independent medical evaluation that Mr. Dillon had reached maximum medical improvement. In an addendum, Dr. Mukkamala clarified that he had sustained no aggravation or progression of his compensable condition since returning to work in May of 2011. Dr. Brown concurred with the finding of maximum medical improvement in a March 21, 2012, deposition.

Phillip Surface, D.O., found in an independent medical evaluation on March 9, 2012, that Mr. Dillon had reached maximum medical improvement and that his condition was chronic and unlikely to improve. The following day, Dr. Brown indicated in a treatment note that Mr. Dillon's ankle dorsiflexion was to the neutral position; however, he also recorded that the ankle dorsiflexion was negative two degrees to the neutral position. An initial evaluation by Huntington Physical Therapy indicates Mr. Dillon was experiencing the same pain as with his compensable injury. It was noted that he was doing some investment work. Finally, Dr. Brown's August 9, 2012, treatment note again found that Mr. Dillon's ankle dorsiflexion was to the neutral position and also negative two degrees to the neutral position.

The claims administrator denied a request to reopen the claim for temporary total disability benefits on April 2, 2012. On appeal, Mr. Dillon asserts, per the treatment notes of Dr. Brown, that he is still receiving medical treatment and was placed off of work until at least September 10, 2012. United Parcel Service, Inc., argues that Mr. Dillon was determined to be at maximum medical improvement in three separate independent medical evaluations, returned to work in May of 2011, and his treating physician testified that he was at maximum medical improvement.

The Office of Judges affirmed the claims administrator's decision in its March 1, 2013, Order. The Office of Judges found that Mr. Dillon last received temporary total disability benefits on May 23, 2011, and was found to have reached maximum medical improvement on July 26, 2011. A permanent partial disability award was granted on August 22, 2011, which was affirmed by the Office of Judges. Therefore the Office of Judges determined that the claim was closed for temporary total disability benefits on August 22, 2011. The Office of Judges found that the evidence of record failed to show that Mr. Dillon sustained an aggravation or progression of his compensable injury. Dr. Brown's reports show, before and after August 22, 2011, and up to January 23, 2012, the same diagnosis of Achilles bursitis or tendinitis and calcaneal spur. The general examinations also reveal the same findings. Further, Dr. Brown testified that he saw Mr. Dillon on January 23, 2012, and ordered an MRI which was normal. He asserted that Mr. Dillon's situation had resolved as well as it ever would.

The Office of Judges noted that as of May 10, 2012, Mr. Dillon was found to have ankle dorsiflexion of negative two degrees of the neutral position and limited dorsiflexion strength.

2

Prior to that date, he had ankle dorsiflexion to the neutral position. The Office of Judges determined, however, that this evidence did not establish a progression or aggravation of the compensable injury. In the May 10, 2012, report, Dr. Brown noted negative two degrees of ankle dorsiflexion, but he also found that Mr. Dillon had ankle dorsiflexion to the neutral position. The Office of Judges found that the contrary findings bring Dr. Brown's report into question. Further, on May 9, 2012, Mr. Dillon was examined by Dr. Surface and found to have ankle dorsiflexion to the neutral position. A few months prior to that, Dr. Mukkamala also found dorsiflexion to the neutral position. Therefore, the preponderance of the evidence was determined to show that Mr. Dillon sustained no aggravation or progression of his compensable injury. The Office of Judges further determined that even if there was a loss of dorsiflexion showing an aggravation or progression of the compensable injury, Mr. Dillon still would not be entitled to a reopening of the claim for temporary total disability benefits because loss of dorsiflexion has not rendered him temporarily and totally disabled. The first mention of loss of dorsiflexion is on May 10, 2012. On May 16, 2012, a treatment note by Huntington Physical Therapy Services noted that Mr. Dillon was currently doing investment work. Thus, the Office of Judges determined that he had returned to work as of at least May 16, 2012.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 23, 2013, decision. This Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Dillon has failed to show that he sustained an aggravation or progression of his compensable injury that would entitle him to a reopening of his claim for temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II